**Gilbert G. DE HOYOS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–01–00168–CR.**

Court of Appeals of Texas,
San Antonio.

April 10, 2002.

Rolando Garcia, Law Offices of Rolando Garcia, San Antonio, for Appellant.

Daniel Thornberry, Assistant Criminal District Attorney, San Antonio, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, CATHERINE STONE, Justice, SANDEE BRYAN MARION, Justice.

Opinion by PHIL HARDBERGER, Chief Justice.

Gilbert G. De Hoyos ("De Hoyos") appeals his conviction for possession of a controlled substance with intent to deliver. In his sole issue on appeal, De Hoyos argues that the trial court erred in denying his motion to suppress evidence because the affidavit in support of the search warrant did not establish probable cause for the issuance of a search warrant. We affirm the trial court's judgment.

## FACTS & PROCEDURAL HISTORY

After conducting several weeks of surveillance, officers of the San Antonio Police Department sought a search warrant for a coffee shop located at 4113 Gardendale in San Antonio and owned by De Hoyos. Detective Randall Smith ("Detective Smith") provided the affidavit in support of the search warrant, alleging that cocaine was located at the coffee shop. Based upon Detective Smith's affidavit, a magistrate issued the search warrant. The ensuing search uncovered cocaine, marijuana, and various drug paraphernalia.

De Hoyos was indicted for possession of cocaine with intent to distribute, in an amount greater than four grams but less than two hundred grams. De Hoyos filed a pre-trial motion to suppress the fruits of the search, arguing that Detective Smith's affidavit failed to establish probable cause to issue a warrant. After a hearing on the matter, the trial court denied the motion.

At trial, the State sought to admit evidence gathered from the search of the coffee shop. The State offered such evidence as photographs of the interior, drug paraphernalia, adulterants sometimes mixed with drugs, and the cocaine itself. Throughout the trial, when the State offered the various items into evidence, counsel for De Hoyos stated that he had "no objection" to the admission of the evidence. The trial court received the items into evidence. A jury found De Hoyos guilty of the alleged offense, and the trial court sentenced him to thirty-five years in prison.

## DISCUSSION

██ "It is well settled that when a pre-trial motion to suppress evidence is overruled, the defendant need not subsequently object at trial to the same evidence in order to preserve error on appeal." *Moraguez v. State*, 701 S.W.2d 902, 904 (Tex. Crim.App.1986) (en banc); *Welch v. State*, 993 S.W.2d 690, 694 (Tex.App.-San Antonio 1999, no pet.). "However, when the defendant affirmatively asserts during trial he has 'no objection' to the admission of the complained of evidence, he waives any error in the admission of the evidence despite the pre-trial ruling." *Moraguez*, 701 S.W.2d at 904; *Welch*, 993 S.W.2d at 694.

██ Each time the State offered evidence recovered from the search of the coffee shop, counsel for De Hoyos stated there was "no objection." As a result, De Hoyos waived his right to complain about the admissibility of such evidence. *See Moraguez*, 701 S.W.2d at 904; *Welch*, 993

S.W.2d at 694. We overrule his point of error.

## Conclusion

The judgment of the trial court is affirmed.