Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

No. 04-09-00798-CV

## IN THE MATTER OF A.C.

From the 386th Judicial District Court, Bexar County, Texas
Trial Court No. 2009-JUV-01143
Honorable Laura Parker, Judge Presiding

Opinion by:  Rebecca Simmons, Justice

Sitting:  Karen Angelini, Justice
Phylis J. Speedlin, Justice
Rebecca Simmons, Justice

Delivered and Filed:  November 17, 2010

AFFIRMED

A jury found that A.C. engaged in delinquent conduct by committing the offenses of aggravated sexual assault and indecency with a child. A.C. was placed on probation in the care, custody, and control of the Bexar County Juvenile Probation Department.  Because the issues raised by A.C. on appeal involve the application of well-settled principles of law, we affirm the trial court's judgment in this memorandum opinion.

In his first issue, A.C. contends the trial court erred in admitting a videotaped interview of the child victim.  When the videotaped interview was introduced as evidence at trial, however, A.C.'s attorney stated, "No objection."  An affirmative statement of "no objection" waives any

error in the admission of evidence. *Estrada v. State*, 313 S.W.3d 274, 302 (Tex. Crim. App. 2010); *Bishop v. State*, 308 S.W.3d 14, 19 (Tex. App.—San Antonio 2009, pet. ref'd).

In his second issue, A.C. complains that he received ineffective assistance of counsel because his trial counsel: (1) failed to call A.C.'s mother to testify; (2) called the child victim to testify a second time; and (3) failed to object to the testimony of a rebuttal witness. Ineffective assistance of counsel claims require a showing of "both deficient performance and prejudice." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). An ineffective assistance of counsel claim must be "firmly founded in the record." *Id*. When there is no record or when the record is silent on counsel's reasoning or strategy, we must generally presume trial counsel had a plausible reason for his actions; we will not indulge in speculation to find trial counsel ineffective. *Bone v. State*, 77 S.W.3d 828, 833, 835 (Tex. Crim. App. 2002). "[T]rial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Goodspeed*, 187 S.W.3d at 392. "Absent such an opportunity, an appellate court should not find deficient performance unless the challenged conduct was so outrageous that no competent attorney would have engaged in it." *Id*. (internal quotes omitted).

In this case, trial counsel was not called to testify at the hearing on A.C.'s motion for new trial. As a result, the record is silent as to why A.C.'s trial counsel took, or failed to take, the actions that, according to A.C., constituted ineffective assistance of counsel. Moreover, A.C. has not shown that the actions were so outrageous that no competent attorney would have engaged in the same actions. *See id*. Because the record is silent, A.C. has not overcome the strong presumption that his trial counsel's conduct falls within a wide range of reasonable professional assistance and might be considered sound trial strategy. *See Bone*, 77 S.W.3d at 833. To find

that A.C.'s trial counsel was ineffective based on the grounds asserted by A.C. would call for speculation in which we will not engage.  *See id.* at 835.

The trial court's judgment is affirmed.


Rebecca Simmons, Justice