Opinion issued December
9, 2010



In The

Court of Appeals

For The

First District of Texas

————————————

NOS. 01-09-00133-CR,
01-09-00134-CR

————————————

SHIRLEY
JEAN WOODARD, Appellant

V.

THE STATE OF TEXAS, Appellee



 



 

On Appeal from the 506th
Judicial District Court

Waller
County, Texas



Trial Court Cause No.
12971

 



 

O P I N I O N

          Appellant, Shirley
Jean Woodard, appeals a judgment convicting her of possession of a controlled
substance in an amount less than a gram (Count I) and possession of a
controlled substance while in a correctional facility (Count II).  See
Tex. Penal Code Ann. § 38.11(d)(1) (Vernon
Supp. 2010); Tex. Health
& Safety Code Ann. § 481.115(a)–(b) (Vernon 2010).  In two issues, appellant challenges
the factual sufficiency of the evidence to establish possession of a controlled
substance in an amount less than a gram and the legal sufficiency of the
evidence to establish possession of a controlled substance while in a
correctional facility.  Concluding that the
evidence is sufficient with respect to Count I, we affirm the judgment in
appellate cause number 01-09-00133-CR. 
Concluding that the evidence is insufficient with respect to Count II,
we reverse the judgment in appellate cause number 01-09-00134-CR and render a
judgment of acquittal on the charge of possession of a controlled substance
while in a correctional facility.

Background

          In September 2007,
an unknown person called the Hempstead Police Department to report a
disturbance in progress at a local residence. 
Officer O’Brien went to the residence where he met appellant and Lincoln
Hanks who were arguing with each other. 
Hanks told the officer he was appellant’s common-law husband.  Hanks had a wounded lip and a cut on the
right side of his face, injuries consistent with his having sustained an
assault.  Appellant, who was very upset
with Hanks, bore no sign of injury.  Officer
O’Brien informed appellant that she was under arrest for domestic violence.

          Officer O’Brien handcuffed
and transported appellant to the Waller County Sheriff’s Department Jail.  Appellant’s purse was transported with
appellant from her house to the jail.  Officer
O’Brien did not ask appellant to bring the purse.  According to Officer O’Brien, appellant
“brought” the purse to the jail.  He
acknowledged, however, that she could not have carried it into the jail because
she was in handcuffs.

          Right before
entering the jail, Officer O’Brien asked appellant if she had any contraband on
herself or her person.  Appellant
answered, “no.”  Once inside, Officer
O’Brien inventoried appellant’s property in her presence.  Inside appellant’s purse, Officer O’Brien
found a small, black notebook.  Inside
the notebook, he found a compartment housing a clear bag containing a white
powder, which he believed to be cocaine. 
Upon this discovery, appellant denied that the bag and its contents were
hers.  Later chemical analysis confirmed
that the powder contained cocaine.  

          At trial, appellant,
who has been diagnosed as having bipolar disorder, testified that she constantly
picks up and keeps in her purse anything on the ground that catches her eye,
including things she does not use.  Appellant
explained that she does not think about what she is doing when she picks things
up and that, on this particular occasion, did not consider whether the bag
might have contained cocaine.  Appellant
testified that she has never used powder cocaine but that she previously had a drug
problem with crack cocaine.  Appellant testified
that she quit smoking crack cocaine about a year prior to trial, which was approximately
five months after her arrest.

          Deputy Young, a
narcotics agent familiar with street drug practices, testified that the bag
contained about three doses of cocaine, which could be smoked, injected, or
inhaled.  He also testified that, in his
experiences, the typical user of cocaine usually would not throw away three
doses.

          The grand jury of
Waller County indicted appellant on two counts. 
Count I charged that appellant “intentionally or knowingly possess[ed] a
controlled substance, namely, cocaine, in an amount of less than a gram.”  Count II charged that appellant
“intentionally or knowingly possess[ed] a controlled substance, namely,
cocaine, while in a correctional facility, to-wit:  Waller County Jail.”  Appellant pleaded not guilty and proceeded to
a jury trial.  The jury found appellant
guilty on both counts and assessed punishment for Court I at 180 days in a
state jail facility of the Texas Department of Criminal Justice and punishment
for Count II at four years imprisonment in the Institutional Division of the
Texas Department of Criminal Justice and a $500 fine.

Sufficiency of the Evidence

          Premised on two different periods of
time during the same day, appellant was charged with two counts of possession
of the same cocaine found in her purse.  First,
she was charged with possession of cocaine weighing less than a gram based the
period of time during which she possessed her purse at her house prior to her
arrest.  Second, she was charged with
possession of the same cocaine while in a correctional facility based on the
period of time during which she was being booked into the Waller County Jail
with her purse.[1] 

          A.      Standard
of Review

This Court now reviews
both legal and factual sufficiency challenges using the same standard of
review.  Ervin v. State, No. 01-10-00054-CR, 2010 WL 4619329, at *2–4 (Tex. App.—Houston [1st Dist.] Nov. 10, 2010, pet.
filed) (construing majority holding of Brooks
v. State, PD-0210-09, 2010 WL 3894613, at *14, *21–22 (Tex. Crim. App. Oct. 6, 2010)).  Under this standard, evidence is
insufficient to support a conviction if, considering all the record evidence in
the light most favorable to the verdict, no rational factfinder could have
found that each essential element of the charged offense was proven beyond a
reasonable doubt.  See Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781,
2789 (1979); In re Winship, 397 U.S.
358, 361, 90 S. Ct. 1068, 1071 (1970); Laster
v. State, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009); Williams
v. State, 235 S.W.3d 742, 750
(Tex. Crim. App. 2007).  Viewed in the light most favorable to the
verdict, the evidence is insufficient under this standard in two
circumstances:  (1) the record contains
no evidence, or merely a “modicum” of evidence, probative of an element of the
offense; or (2) the evidence conclusively establishes a reasonable doubt.  See
Jackson, 443 U.S. at 314, 318 n.11, 320, 99 S. Ct. at 2786, 2789 &
n.11; Laster, 275 S.W.3d at
518; Williams, 235 S.W.3d at
750.  Additionally, the evidence is
insufficient as a matter of law if the acts alleged do not constitute the
criminal offense charged.  Williams, 235 S.W.3d at 750.

If an
appellate court finds the evidence insufficient under this standard, it must
reverse the judgment and enter an order of acquittal.  See Tibbs
v. Florida, 457 U.S. 31, 41,
102 S. Ct. 2211, 2218 (1982).  An appellate court determines whether the necessary inferences are
reasonable based upon the combined and cumulative force of all the evidence
when viewed in the light most favorable to the verdict.  See Clayton v. State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007) (citing Hooper v. State, 214 S.W.3d 9, 13 (Tex.
Crim. App. 2007)).  In viewing the
record, direct and circumstantial evidence are treated equally; circumstantial
evidence is as probative as direct evidence in establishing the guilt of an actor,
and circumstantial evidence alone can be sufficient to establish guilt.  Id.
(citing Hooper, 214 S.W.3d at
13).  An appellate court presumes that
the factfinder resolved any conflicting inferences in favor of the verdict and
defers to that resolution.  See Jackson, 443 U.S. at 326, 99 S. Ct. at 2793;
Clayton, 235 S.W.3d at 778.  An
appellate court also defers to the factfinder’s evaluation of the credibility
of the evidence and weight to give the evidence.  See Williams, 235 S.W.3d at 750.

          B.      Possession of
Controlled Substance in Amount Less Than a        Gram

In her second issue on appeal, appellant challenges the factual
sufficiency of the evidence to establish her conviction for intentionally or
knowingly possessing a controlled substance in an amount less than a gram.  As noted above, this conviction is premised
on the period of time when appellant possessed the cocaine in her purse at her
house.

                   1.       Applicable
Law

          A person commits
an offense if she intentionally or knowingly possesses a controlled substance
in an amount less than a gram.  Tex. Health
& Safety Code Ann. § 481.115(a)–(b).  Cocaine is a controlled substance.  Id. § 481.102(3)(D) (Vernon
2010).  The State must prove that
the defendant knew that the substance possessed was contraband.  Evans v.
State, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006).  To prove this, the evidence must support a reasonable
inference that the accused knew the substance was contraband.  Travis
v. State, 638 S.W.2d 502, 503 (Tex. Crim. App. 1982).

 

 

 

                    2.       Analysis

          Appellant concedes
she possessed the bag containing the cocaine when the police arrived at her
house.  Her sole challenge to the
sufficiency of the evidence is her assertion that she did not know that the
white powdery substance was cocaine.  

          The jury could
have rationally inferred that appellant knew the white powdery substance was
cocaine.  See McGoldrick v. State, 682 S.W.2d 573, 578 (Tex. Crim. App. 1985)
(knowledge, being subjective, must always be inferred to some extent in the
absence of accused’s admission).  The
evidence that she used crack cocaine within five months of her arrest supports
an inference that she was sufficiently familiar with illegal cocaine products
to have recognized that the powder was contraband.  See
Evans, 202 S.W.3d at 161.

          The evidence that
the substance was stored inside a compartment of a notebook that she kept in
her purse along with her other personal belongings supports an inference that
she hid the white powder because she knew that the substance was contraband.  See id.  Contrary to her trial testimony, in which she claimed that
she did possess the bag but thought the powder it contained was an
over-the-counter painkiller, appellant immediately denied ownership of the bag
and the white powder upon their discovery by Officer O’Brien.  From this denial of ownership, the jury could
have rationally inferred that she knew the powder was contraband.  See id.  Viewing the evidence in the light most
favorable to the verdict, we conclude the jury could have rationally determined
beyond a reasonable doubt that appellant knowingly possessed less than a gram
of cocaine.  See Ervin, 2010 WL 4619329
at *3.  Accordingly, we hold the evidence is sufficient to
sustain appellant’s conviction for possession of controlled substance in an
amount less than a gram.

          We overrule
appellant’s second issue.

          C.      Possession
of Controlled Substance While in Correctional Facility

          As we have noted
above, appellant was charged with two counts for possessing the same bag of
cocaine based on two different periods of time during the same day.  Having upheld appellant’s possession of
cocaine for the period of time appellant possessed it inside her purse at her
house, we next address the period of time when appellant was at the Waller
County Jail.  In her first issue on
appeal, appellant challenges the legal sufficiency of the evidence to establish
her conviction for possessing a controlled substance while in a correctional
facility.  

                   1.       Applicable
Law

          A person commits
an offense if she possesses a controlled substance while in a correctional
facility or while on property owned, used, or controlled by a correctional
facility.  Tex. Penal Code Ann. §
38.11(d)(1).  A county jail is a “correctional
facility.”  Id. §§
1.07(a)(14)(A) (Vernon Supp. 2010), 38.11(f)(6)(A).  A person possesses an object if she has
actual care, custody, control, or management of that object.  Tex.
Penal Code Ann. § 1.07(a)(39).
 Possession requires the exercise of dominion
and control over the thing allegedly possessed. 
McGoldrick, 682 S.W.2d at 578.

                    2.       Analysis 

          Appellant’s second issue focuses
solely on whether the evidence is sufficient to establish that she exercised
care, custody, control, or management of the cocaine when she was in the Waller
County Jail during the period of time in which the contents of her purse were
examined as she was booked for admission into the jail.  Appellant admits the State proved that
the purse belonged to her, that she had possession of the purse before her
arrest, that the purse had cocaine in it when the police arrested her at her house,
and that the purse arrived at the booking area, which is part of the county
jail.  However, appellant contends that
from the moment of her
arrest, she was placed in handcuffs and no longer had possession of her purse.  

          Although appellant did not personally
carry her purse with the cocaine into the jail, possession is not limited to
actual physical contact with the item.  See Tex.
Penal Code Ann. § 1.07(a)(39).  Appellant
could possess the item even if she did not physically maintain contact with it
if the evidence showed that she otherwise had care, custody, control, or
management over the cocaine.  See id.

Furthermore, the officer’s possession of the purse
containing the cocaine could have been jointly possessed with appellant if the
evidence showed that she had some actual care, custody, control, or management of
it.  See
Nunn v. State, 640 S.W.2d 304, 305 (Tex. Crim. App. 1982).  To establish joint possession, a court considers
the Evans factors to determine
whether the defendant can be affirmatively linked to the drugs in order to
establish that she knew of and possessed the drugs.  See Evans, 202 S.W.3d at 162 n.12;[2]
Ferguson
v. State, 313
S.W.3d 419, 423–24 (Tex. App.—Houston [1st Dist.] 2009, no pet.).  Of those factors, only the eleventh factor,
whether the defendant owned or had the right to possess the place where
the drugs were found, is
relevant to the present question.  See Evans, 202 S.W.3d at 162 n.12.  

Appellant’s ownership of the purse and the cocaine, standing
alone, is insufficient to establish possession in this case because she did not
exercise any dominion or control over the items.  See
McGoldrick, 682 S.W.2d at 578.  The
purse and its contents remained in Officer O’Brien’s care and custody from the
moment the purse entered the jail until it was inventoried and stored.  As Deputy Young testified, when a person,
such as appellant, is brought into the booking area, she is in police custody,
and the officer, not the person in custody, has actual possession of the
property that is inventoried and stored. 
We conclude appellant had no care or custody over the purse and its
contents when it was in the jail.

The State contends on appeal that
the cocaine was under appellant’s control or management, asserting that it was
appellant’s decision to have her purse brought to the jail with her.  The only evidence that the State points to in
support of this assertion is Officer O’Brien’s testimony that he did not
request that appellant bring the purse to the jail.  Assuming the jury inferred that the officer
brought appellant’s purse with appellant at her request, that request would
have been made while she was at her house. 
It is no evidence that, when she was at the jail, she maintained any
care, custody, control, or management of the purse.

This Court is aware of situations
where jails allow inmates to release their property to a third party.  That
type of decision by an inmate, perhaps, could constitute some control or
management over property.  However, here the
record is silent as to whether appellant in fact retained such a right.  Because the record fails to show that appellant
could have released her property to a third party, no evidence in the record
establishes that she maintained any control or management over her purse and
its contents while she was in the Waller County Jail.  We conclude that appellant’s mere ownership
of the purse and its contents, under these circumstances, is insufficient to
establish that she exercised care, custody, control, or management over them
while in the correctional facility.  See Tex.
Penal Code Ann. §§ 1.07(a)(39); 38.11(d)(1); Evans, 202 S.W.3d at 162 n.12. 


This case is factually distinguishable from other Texas cases
upholding convictions for illegal possession of a controlled substance or
contraband item in the jail.  In those
cases and unlike here, there was some evidence that the defendant maintained
some care, custody, control, or management of the contraband.  See
e.g., Short v. State, 995 S.W.2d
948, 950–52 (Tex. App.—Fort Worth 1999, pet. ref’d) (evidence legally
sufficient to support attempted delivery of controlled substance to inmate where
defendant, former probationary officer, had two fake marijuana cigarettes in
her pocket); Castillo v. State, No.
07-06-0027-CR, 2007 WL 270425,  at *1–*2 (Tex.
App.—Amarillo Jan. 31, 2007, pet. ref’d) (not designated for publication)
(finding evidence sufficient where defendant possessed drugs in coin purse in
his pocket while in jail visitor area).

Although it could have rationally determined that appellant
knew about the cocaine in her purse that came with her when she was arrested
and placed in the patrol car, we conclude, viewing the evidence in the light most favorable
to the verdict, that the jury could not have rationally determined beyond a reasonable doubt that appellant exercised
care, custody, control, or management over the cocaine in the purse during the
period of time when she was in the booking area of the Waller County Jail.  See Ervin, 2010 WL 4619329,
at *3.  Accordingly, we hold that the evidence
is insufficient to sustain appellant’s conviction for possession of a
controlled substance in a correctional facility.

          We sustain appellant’s first issue.

Conclusion

          We affirm the judgment of the trial court with respect to
Count I, possession of a controlled substance in an amount less than a gram
(appellate number 01-09-00133-CR).  We
reverse the judgment of the trial court and render a judgment of acquittal with
respect to Count II, possession of a controlled substance while in a
correctional facility (appellate number 01-09-00134-CR).

 

 

                                                                   Elsa
Alcala

                                                                   Justice


 

Panel consists of Justices Jennings, Alcala, and Sharp.

 

Publish.  Tex.
R. App. P. 47.2(b).











[1]           Appellant has not asserted a double jeopardy complaint
challenging her conviction for Count I, mere possession, as a lesser-included
offense of Count II, possession in a correctional facility.  See
Bishop v. State, 308 S.W.3d 14, 16
n.1 (Tex. App.—San Antonio 2009, pet. ref’d) (setting aside, on double jeopardy
grounds, conviction for mere possession as lesser included offense of
possession with intent to distribute same drugs).





[2]           The
following factors may circumstantially establish the sufficiency of the
evidence to prove knowing possession: 
(1) the defendant’s presence when a search is conducted, (2) whether the
contraband was in plain view, (3) the defendant’s proximity to and the
accessibility of the narcotic, (4) whether the defendant was under the
influence of narcotics when arrested, (5) whether the defendant possessed other
contraband or narcotics when arrested, (6) whether the defendant made
incriminating statements when arrested, (7) whether the defendant attempted to
flee, (8) whether the defendant made furtive gestures, (9) whether there was an
odor of contraband, (10) whether other contraband or drug paraphernalia were
present, (11) whether the defendant owned or had the right to possess the place
where the drugs were found, (12) whether the place where the drugs were found
was enclosed, (13) whether the defendant was found with a large amount of cash,
and (14) whether the conduct of the defendant indicated a consciousness of
guilt.  Evans v. State, 202 S.W.3d 158, 162 n.12 (Tex. Crim. App. 2006).