

IN THE
TENTH COURT OF APPEALS

No. 10-10-00405-CR
No. 10-10-00406-CR
No. 10-10-00407-CR
No. 10-10-00408-CR
No. 10-10-00409-CR

**JUSTIN TYLER DAVIS,**

Appellant

 **v.**

**THE STATE OF TEXAS,**

Appellee

From the 272nd District Court
Brazos County, Texas
Trial Court Nos. 09-02131-CRF-272, 09-02132-CRF-272, 09-02133-CRF-272,
09-02134-CRF-272 and 09-02135-CRF-272

## MEMORANDUM OPINION

Justin Davis was convicted on twenty-five counts (five counts in five cases) of possession of child pornography. The five cases were tried together. He appeals, raising four identical issues in each case. We will affirm.

In his first issue, Davis asserts that the trial court abused its discretion by

refusing to hold a *Franks v. Delaware* hearing[1] on Davis's motion to suppress evidence recovered during a search under the second search warrant. Davis maintained that Detective Reiter's search-warrant affidavit omitted material information. The State protested, contending that *Franks* does not extend to omissions.

Davis notes that several appellate courts and the Fifth Circuit have extended *Franks* to omissions. *See, e.g., United States v. Martin,* 615 F.2d 318, 328 (5th Cir. 1980); *Darby v. State,* 145 S.W.3d 714, 722 (Tex. App.—Fort Worth 2004, no pet.); *Blake v. State,* 125 S.W.3d 717, 723-24 (Tex. App.—Houston [1st Dist.] 2003, no pet.); *Melton v. State,* 750 S.W.2d 281, 284 (Tex. App.—Houston [14th Dist.] 1988, no pet.). *But see Garza v. State,* 161 S.W.3d 636, 640 (Tex. App.—San Antonio 2005, no pet.) (declining to extend *Franks* to omissions but addressing it in the alternative). But neither this court nor the Court of Criminal Appeals has extended *Franks* to omissions. *See Massey v. State,* 933 S.W.2d 141, 146 (Tex. Crim. App. 1996) (noting it has not extended *Franks* to omissions); *Brooks v. State,* 642 S.W.2d 791, 796-97 (Tex. Crim. App. [Panel Op.] 1982) (noting reliance on *Franks* misplaced where complaint is that affiant omitted facts, rather than knowingly making false statements). We decline to extend *Franks* to omissions, and based on the state of the law in this court and in the Court of Criminal Appeals, we cannot say that the trial court abused its discretion by refusing to hold a *Franks* hearing. Issue one is overruled.

---

[1] In *Franks*, the Supreme Court held that "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request." *Franks v. Delaware,* 438 U.S. 154, 155-56, 98 S.Ct. 2674, 2676, 57 L.Ed.2d 667 (1978).

In his second issue, Davis asserts that the trial court abused its discretion by denying his motion to suppress evidence seized under the first search warrant. We apply the familiar bifurcated standard of review for a trial court's suppression ruling. *See Davis v. State,* 74 S.W.3d 90, 94-95 (Tex. App.—Waco 2002, no pet.).

Officer Lunt went to the house where Davis was living to execute an arrest warrant. Inside Davis's room, Lunt saw several firearms in plain view, which was significant because Davis was a convicted felon. After his arrest, Davis asked Lunt to give his mother a box of photographs. Lunt first went through the box for contraband, and he found several photographs of Davis with firearms. The photographs appeared to have been taken by Davis and to have been printed from a computer. A Kodak Easy Share photo printer was connected to a computer in the room, and the photographs in the box were the same size as those from that printer.

Police sought and obtained a search warrant (the first search warrant) that authorized the search of Davis's room for firearms, ammunition, receipts for firearms or ammunition, and photographs of Davis with firearms. In the search, police found firearms, hundreds of photographs of young girls in sexually suggestive poses and in gymnastics poses, two SD memory cards, and one photograph depicting what Lunt believed to be child pornography. All of the photographs were printed on Kodak photo paper and appeared to have been printed from the Kodak Easy Share photo printer. Kodak photo paper matching the photographs was next to the printer.

The officers also seized three computers and numerous data CDs in the search. Detective Reiter and Officer Lunt testified that the computers and electronic storage

devices were capable of storing photographs of firearms and receipts from the purchase of firearms and ammunition.[2] Davis moved to suppress the child pornography found on the computers and the electronic storage devices on the ground that the first search warrant did not authorize seizure of the computers and electronic storage devices.

Detective Reiter testified that it was not feasible for officers to search the computers and electronic storage devices on the scene because someone trained in computer forensics needed to do that out of caution: "They don't want us to mess up anything."

> The Fourth Amendment's "particularity" requirement is primarily meant to prevent general searches and the seizure of one thing under a warrant that describes another thing to be seized. *See Marron v. United States*, 275 U.S. 192, 196, 48 S.Ct. 74, 72 L.Ed. 231 (1927).
>
> …
>
> The general Fourth Amendment rule is that the police cannot seize property that is not particularly described in a search warrant. *This general rule is subject to "limited exception[s]" for various exigencies that require or make it reasonable for the police to seize this not-described-in-the-warrant property* (*e.g.*, the owner of a not-described-in-the-warrant locked safe, which the police may lawfully search pursuant to a search warrant, refuses to unlock the safe). *See* WAYNE R. LAFAVE, SEARCH & SEIZURE: A TREATISE ON THE FOURTH AMENDMENT § 4.11(a) (4th ed. 2004) (*there are cases in which it will be quite reasonable for police to remove a container, such as a computer or a file cabinet containing voluminous documents, from the scene of the search so that opening it and examining it can be more readily accomplished elsewhere* but this is "a limited exception to the general rule that a search warrant does not give police license to seize personal property not described in the warrant on the ground that such property might contain items that the warrant does describe; it only allows police to search such property at the place where the warrant is being executed") (emphasis in original, internal quotes omitted); *see also United States v. Johnson*, 709 F.2d

---

[2] A second search warrant (pertaining to Davis's first issue) was then obtained to search the computers and electronic storage devices for sexually explicit photographs, among other things. The child pornography photographs that are the basis of Davis's convictions were then discovered.

515, 516 (8th Cir. 1983) (while executing a search warrant authorizing seizure of weapons, police seized not-described-in-the-warrant locked floor safe after defendant refused to open it).

*Powell v. State*, 306 S.W.3d 761, 766 (Tex. Crim. App. 2010) (footnotes omitted) (emphases added).

For reasons of feasibility and practicality, as supported by the officers' suppression testimony, seizure of the computers and electronic storage devices to search them elsewhere was not unreasonable and thus was not violative of the Fourth Amendment. *See id.; United States v. Giberson*, 527 F.3d 882, 886-89 (9th Cir. 2008); *Johnson*, 709 F.2d at 516; *see also People v. Gall*, 30 P.3d 145, 153-55 (Col. 2001); *see also* LAFAVE, § 4.11(a) & nn. 9-11 (4th ed. 2004 & 2011 update) ("Also, there are cases in which it will be quite reasonable for the officers to remove a container from the scene of the search so that the opening of it and examining of its interior area can be more readily accomplished elsewhere.") (citing cases). Accordingly, the trial court did not abuse its discretion in denying Davis's motion to suppress the computer-related evidence. We overrule issue two.

Davis's third issue contends that the trial court abused its discretion in allowing Officer Lunt's testimony that, while he was putting Davis into a patrol car, Davis requested that officers not search his room; he said that the officers needed a search warrant to search his room and "y'all are not going to tear up my room." Davis contends that his statement was an invocation of his Fourth Amendment constitutional rights that could not be used against him as evidence of guilt. *See, e.g., Hardie v. State*, 807 S.W.2d 319, 322 (Tex. Crim. App. 1991); *Powell v. State*, 660 S.W.2d 842, 845 (Tex.

App.—El Paso 1983, no pet.). We assume without deciding that Davis preserved his objection for appellate review. We review a trial court's ruling on the admissibility of evidence for abuse of discretion. *McDonald v. State,* 179 S.W.3d 571, 576 (Tex. Crim. App. 2005).

The State asserts that Davis's statement was made spontaneously (not as the result of custodial interrogation) and was not in response to a request for consent to search his room. Relying on these factors, the State cites *Bishop v. State,* 308 S.W.3d 14 (Tex. App.—San Antonio 2009, pet. ref'd) and points to its similar factual scenario. There, the arrested defendant told the police that they could not search his car; that it was an illegal search. *Id.* at 16-17.

> The record is clear that the basis for the search of Bishop's vehicle was not consent, but was incident to his arrest and the arrest of his passenger, Jessica. Because the search was not a consent-based search, Bishop's statements were not an invocation of his Fourth Amendment right to decline permission for a search. Further, Bishop's statements objecting to the search of his vehicle were made spontaneously, in the excitement of the moment, and were not the result of questioning; therefore, they were admissible as "res gestae" statements. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22 § 5 (Vernon 2005).

*Id.* at 17. For these same reasons, the trial court did not abuse its discretion in overruling Davis's objection, and we overrule issue three.

Issue four contends that the trial court's written judgments improperly cumulated Davis's sentences when they were not cumulated when the trial court pronounced and imposed the sentences in open court. *Coffey v. State,* 979 S.W.2d 326, 328-29 (Tex. Crim. App. 1998). We disagree. The trial court began sentencing by announcing the assessment of an eighty-year total cumulative sentence, with a ten-year

probation at the end of it, and then sought input from counsel on how to arrive at that total sentence from the five cases (with each case having five counts). The State's suggestion, which the trial court agreed to, was a twenty-year sentence on each count in the first four cases, with each sentence within each case to be served concurrently, and then with the five concurrent sentences in the second, third, and fourth cases to run consecutively, to be followed consecutively by five concurrent sentences of ten-years' probation in the fifth case.

In pronouncing the sentences, the trial court sentenced Davis to twenty years on each count within each case. While the trial court at times spoke of stacking cases or causes, its intent—to cumulate the five sentences in each of the first four cases to get to eighty years, rather than to have all of them served concurrently—was clear, and it also spoke of stacking all the counts in a cause (e.g., "the cause number itself and all the counts will be stacked on top of …"). The trial court's oral pronouncements do not vary from the written judgments. Issue four is overruled.

Having overruled all four issues in these five appeals, we affirm the trial court's judgments in each case.

REX D. DAVIS<br>Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed February 29, 2012
Do not publish
[CRPM]