Gladys Diane Dorsey **POWELL,**
Appellant,

v.

The **STATE** of Texas, **Appellee.**

No. 08–82–00086–CR.

Court of Appeals of Texas,
El Paso.

Oct. 19, 1983.

H. Thomas Hirsch, H. Thomas Hirsch & Associates, I.C., Odessa, for appellant.

Vern F. Martin, Dist. Atty., Midland, for appellee.

Before STEPHEN F. PRESLAR, C.J., and WARD and OSBORN, JJ.

## OPINION

STEPHEN F. PRESLAR, Chief Justice.

This is an appeal from a conviction for possession of hydromorphone. The jury assessed punishment at thirteen years imprisonment. We reverse and render.

On December 9, 1981, employees of Continental Airlines, in Los Angeles, California, received a package for air shipment to Midland, Texas. The shipper, never identified, indicated that the package contained Christmas presents, consisting of a robe and necklace. The configuration and weight of the package aroused the clerks' suspicions. They opened the package and discovered a plastic bag containing 180 pills and a note indicating that quantity at $20.00 each, and a total value. They contacted the Los Angeles Police Department. Narcotics officer Forrant tentatively identified the pills as Dilaudid, a form of hydromorphone. He seized ten sample pills and replaced the note with another covering the reduced quantity. The package was then resealed and shipped on to Midland. Forrant contacted the Midland Police Department and advised them of the package, its flight number and anticipated arrival time. Midland officer John Anastacio made a return call to the Los Angeles Police Department to confirm Forrant's identity, experience and reliability. Thereafter Anastacio obtained a search warrant for the package. The package arrived at Midland on the afternoon of December 9. It was secured in the airline freight office. The shipping bill indicated that the consignee was Diana Dorsey, 906 Hancock. Instructions were to notify her upon arrival by calling an Odessa telephone number. Several calls were made by the airline office, contact finally being made on the morning of December 10. Appellant, Gladys Diane Dorsey Powell, arrived late in the morning. She signed for the package and left for her car. The waiting narcotics team approached her, executed the warrant and took her into custody. At the officers' initial approach and inquiry, Appellant stated that she believed the package contained a robe and necklace. At trial, she denied any knowledge of the contraband. She knew no one in California. Her correct address was 2503 North Hancock, differing from the consignee address on the package. The zip code also differed. Her telephone number, appearing on the freight bill, was an unlisted number. She testified that someone had been charging

long distance calls to her number for several months. During the week of December 1, she had conversed with her mother who lived in Oak Hill, Texas, and though she was not expecting a package, her mother had mentioned purchasing a robe and necklace for Appellant's daughter for Christmas. She assumed the package was from her mother and did not notice the California origin on the freight bill.

In Ground of Error No. One, Appellant contends that the court erred in failing to suppress the contraband due to an invalid Midland search warrant. Her objection is based upon the double-hearsay affidavit offered to secure the warrant and the fact that it was issued at a time when no offense had as yet occurred in Midland County. No challenge is raised to the manner in which the Los Angeles narcotics officers obtained their knowledge of the package's contents.

■ The two-prong test of *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), is no longer the standard of review for probable cause to issue a warrant. *Bellah v. State,* 653 S.W.2d 795 (Tex.Cr.App.1983). The present test both in federal and Texas courts is one of reasonableness in light of the totality of the information presented by affidavit. Even under Aguilar double-hearsay was not absolutely barred from consideration. Furthermore, once Midland officer Anastacio called the Los Angeles police department to confirm the identity of the California sources as police officers, the joint knowledge of all law enforcement personnel involved was constructively held in unison. *Gish v. State,* 606 S.W.2d 883 (Tex.Cr.App.1980).

The fact that the contraband had not yet arrived in Midland at the time the search warrant issued does not invalidate the warrant. It is unnecessary to determine the degree to which a warrant may issue prospectively, since here the scope of search expressly authorized by the warrant necessitated the arrival of the package within the Midland jurisdiction before execution could take place. Ground of Error No. One is overruled.

■ In Ground of Error No. Two, Appellant challenges the sufficiency of the evidence. The State was required to prove that she intentionally or knowingly exercised care, custody, and control over the contraband with *knowledge* of its illegal nature. *Bush v. State,* 631 S.W.2d 760 (Tex.Cr.App.1982). The State relies upon her exclusive control of the package to demonstrate the requisite knowledge. While sole possession may provide the requisite evidence in certain contexts, it is insufficient in the present case. The package was sealed throughout the brief period in which it was held by the Appellant. No evidence was properly introduced to connect Appellant with either the contents or the shipper. The State refers to the consistency between the shipper's verbal description of the contents as a robe and necklace and the same description given by the Appellant at the time of her arrest. The latter comment was subject to suppression, but no objection was made. The evidence of the shipper's description was hearsay and was objected to. The objection should have been sustained. Consequently, the evidence properly before the jury consisted of a freight bill marked "Christmas present," a conversation between Appellant and her mother concerning the purchase of a robe and necklace for Christmas, Appellant's explanation to the arresting officers of her expectation concerning the package, and its arrival in Midland on December 9, shortly before Christmas.

The name and address of the consignee on the shipping bill was inexact. Appellant made no independent inquiry concerning arrival of the package, rather the freight clerk contacted her. There was no evidence that he described it as a package *from California.* Nor is the point of origin so obvious on the freight bill (Sx 6) that one could conclude that an innocent recipient would have noticed it and realized it was not her mother's package from Oak Hill, Texas. The only incriminating connection, beyond physical possession, between Appellant and the contraband was the use of her unlisted telephone number and her name.

While this is some evidence of guilt it is insufficient to sustain a conviction in the present case. The evidence fails to link the Appellant to the contraband in such a manner that the jury could properly conclude she intentionally possessed it with knowledge of its illicit nature. *Morr v. State,* 587 S.W.2d 711, 714 (Tex.Cr.App.1979). Ground of Error No. Two is sustained.

In Ground of Error No. Three, Appellant complains that Officer Anastacio was improperly permitted to testify over objection that Appellant would not permit the officers to inspect the package voluntarily. Whether this is viewed as testimony concerning her verbal responses while in custody or her physical action, it was improper. The invocation of constitutional rights such as assistance of counsel, silence, or freedom from unreasonable searches may not be relied upon as evidence of guilt. To permit the use of such evidence for purposes of incrimination would erode the protections guaranteed by both state and federal constitutions. *Stafford v. State,* 578 S.W.2d 394 (Tex.Cr.App.1978). Ground of Error No. Three is sustained.

Grounds of Error Nos. Four, Five and Six complain of the introduction of testimony by Officer Anastacio concerning the street value and physical effects of the contraband Dilaudid. A sufficient competency predicate was established and the evidence was admissible. *Kemner v. State,* 589 S.W.2d 403 (Tex.Cr.App.1979). Grounds of Error Nos. Four, Five and Six are overruled.

The judgment is reversed due to the insufficiency of the evidence and a verdict of not guilty is rendered.