•           •           • 
 • • •






                                                                                    OPINION

No. 04-08-00693-CR

David Stuart BISHOP,
Appellant

v.
 
The STATE of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 2007-CR-2133A
Honorable Philip A. Kazen, Jr., Judge Presiding
 
Opinion by:    Phylis J. Speedlin, Justice
 
Sitting:            Catherine Stone, Chief Justice
Phylis J. Speedlin, Justice
Steven C. Hilbig, Justice

Delivered and Filed: December 16, 2009

AFFIRMED AS MODIFIED
            David Bishop appeals the trial court’s judgment convicting him of possession with intent to
deliver methamphetamine in an amount greater than four grams and less than two hundred grams.
We affirm the trial court’s judgment as modified.
 
 
Factual and Procedural Background
            On February 8, 2007, David Bishop was driving an automobile with his former sister-in-law,
Jessica Bishop, in the front seat as a passenger. Bishop turned right from a public roadway into the
parking lot of a Motel 6 without displaying a turn signal. Officer Joshua Crumley observed Bishop
make the illegal turn, and turned his patrol car into the motel parking lot. Bishop had exited his
vehicle and was walking toward the motel when Officer Crumley called out for Bishop to stop and
return to him. As Bishop approached, Crumley observed that Bishop had a lock-blade knife attached
to his pants with a metal clip, which is prohibited by municipal ordinance. The officer asked Bishop
for his driver’s license, but Bishop stated he had forgotten it. When Crumley asked Bishop’s name,
he answered that it was “Hernandez;” Crumley did not think Bishop looked like a person named
“Hernandez.” Crumley also asked Bishop his age and date of birth; the answer Bishop gave was not
mathematically consistent. Crumley placed Bishop in custody in his patrol car for safety reasons
until he could verify his identity.
            Officer Crumley then questioned Jessica Bishop, who told the officer Bishop’s true identity. 
Jessica was arrested for drugs and drug paraphernalia found inside her purse, and was placed in
another officer’s patrol vehicle. When he ran Bishop’s true name, the officer discovered that Bishop
had an active arrest warrant and a suspended driver’s license. Bishop’s vehicle was then searched
by the officers pursuant to a search incident to an arrest. When the officers began to search Bishop’s
vehicle, he started yelling loudly from inside the patrol car that they did not have permission to
search the vehicle and it was an illegal search. During the vehicle search, the officers discovered a
black shaving kit bag with baggies of methamphetamine and marihuana, and other drug
paraphernalia, lying in plain view on the backseat floorboard. Jessica denied any knowledge of the
contents of the black zipper bag, but admitted to possessing the contraband inside her purse.
            Bishop was charged in a two-count indictment with possession with intent to deliver
methamphetamine, and possession of methamphetamine. Jessica testified against Bishop at his trial,
stating that the drugs and paraphernalia in the black zipper bag belonged to Bishop and she had seen
him toss the black bag into the backseat when he exited the vehicle at the motel. A jury found
Bishop guilty on both counts; however, the trial court recognized that Count II is a lesser included
offense of Count I and stated that Count II would be disregarded. The trial court sentenced Bishop
to ten years’ confinement, but suspended the sentence and placed Bishop on ten years’ community
supervision.


 Bishop now appeals. 
Analysis
            In two issues, Bishop argues the trial court erred in permitting the State to introduce
statements he made objecting to the officers’ search of his vehicle because they were an assertion
of his Fourth Amendment rights, and erred in admitting the evidence seized from the vehicle because
it was the product of an illegal search. See U.S. Const. amend. IV.
 
   
 
Statements Objecting to Vehicle Search
            In his first issue, Bishop argues that he was asserting his Fourth Amendment right to be free
from an unreasonable search and seizure when he yelled to the officers that they did not have
permission to search his vehicle; he contends that such an assertion of a constitutional right is not
admissible as evidence of guilt at trial and was harmful because the State used his statements to
connect him to the contraband found inside the vehicle. Officer Crumley testified at trial that when
he began searching the vehicle, Bishop started yelling that the officers did not have permission to
search the vehicle, “telling me I couldn’t search the vehicle, it was an illegal search.” Even though
Bishop was inside the patrol car with the windows rolled up, Crumley could hear him continuously
yelling and screaming at them while they searched the car. At trial, Bishop objected to the admission
of his statements on the basis they were an invocation of his Fourth Amendment right against illegal
search and seizure; the court overruled the objection and admitted the statements but granted Bishop
a running objection.
            The State responds that Bishop’s statements were not an assertion of his Fourth Amendment
rights because the officers did not ask Bishop for consent to search; rather, the officers were relying
in good faith on the law in effect at the time of the search permitting a search of a vehicle’s
passenger compartment incident to an arrest. See New York v. Belton, 453 U.S. 454, 460 (1981)
(holding police may search the passenger compartment of a vehicle, and any containers therein,
incident to a recent occupant’s lawful arrest); see also State v. Ballard, 987 S.W.2d 889, 892 (Tex.
Crim. App. 1999). We agree. The record is clear that the basis for the search of Bishop’s vehicle
was not consent, but was incident to his arrest and the arrest of his passenger, Jessica. Because the
search was not a consent-based search, Bishop’s statements were not an invocation of his Fourth
Amendment right to decline permission for a search. Further, Bishop’s statements objecting to the
search of his vehicle were made spontaneously, in the excitement of the moment, and were not the
result of questioning; therefore, they were admissible as “res gestae” statements. See Tex. Code
Crim. Proc. Ann. art. 38.22 § 5 (Vernon 2005).
            Even if Bishop’s statements are construed as an invocation of his general Fourth Amendment
right to be free from an unreasonable search, Bishop presents no direct authority holding it is error
to admit statements attempting to invoke a Fourth Amendment right in a search incident to arrest
context; he analogizes to cases excluding evidence of a defendant’s assertion of a constitutional right
to counsel or to remain silent. See Doyle v. Ohio, 426 U.S. 610, 618 (1976) (denial of due process
to use defendant’s post-arrest, post-Miranda silence for impeachment purposes); Hardie v. State, 807
S.W.2d 319, 322 (Tex. Crim. App. 1991) (relying on Doyle and stating that evidence of defendant’s
invocation of right to counsel is inadmissible as evidence of his guilt). The State points out that the
Court of Criminal Appeals subsequently clarified the scope of Doyle and Hardie by explaining that
both cases involved erroneously informing a defendant that he had a constitutional right to counsel
and then using his exercise of that right against him, and stating that “[t]hose decisions left open the
question whether it was federal constitutional error to admit a defendant’s request for an attorney
when he was not erroneously told that he had the right to counsel before taking a blood-alcohol test.” 
Griffith v. State, 55 S.W.3d 598, 606 (Tex. Crim. App. 2001) (holding defendant’s due process rights
were not violated by admission of evidence that he requested counsel because defendant was
repeatedly informed he did not have the right to an attorney before taking a blood-alcohol test). 
            Bishop also relies on Reeves v. State, in which the Waco court of appeals held it was
constitutional error to admit evidence that the defendant, who was not in custody, refused to consent
to a warrantless search of his home, but found the error was harmless. See Reeves v. State, 969
S.W.2d 471, 494-95 (Tex. App.—Waco 1998, pet. ref’d); see also Powell v. State, 660 S.W.2d 842,
845 (Tex. App.—El Paso 1983, no pet.) (in context of custodial defendant’s refusal to consent to
search of package, court held admitting evidence of the refusal was error, stating generally that
invocation of constitutional rights “such as assistance of counsel, silence, or freedom from
unreasonable searches may not be relied upon as evidence of guilt”). Both Reeves and Powell
involved evidence of a defendant’s refusal to an officer’s request for consent to conduct a search. 
As noted, the officers did not ask Bishop to consent, and he therefore did not refuse consent, to a
search of his vehicle; he was already in custody and under arrest when the officers searched the
vehicle incident to his arrest. Bishop has not supplied this court with any authority holding that a
custodial defendant’s statements objecting to a search incident to arrest may not be admitted into
evidence because they constitute an invocation of the Fourth Amendment, and we have found no
such authority. Accordingly, we decline to hold that it is constitutional error to admit a defendant’s
statements objecting to a search incident to his arrest, as occurred in Bishop’s case. We overrule
Bishop’s first issue. 
Admission of Evidence Seized from Vehicle
            In his second issue, Bishop complains that the trial court erred in admitting the evidence
seized from his vehicle because it was the product of an illegal search in violation of the Fourth
Amendment under the recent Supreme Court decision in Arizona v. Gant, 129 S.Ct. 1710
(2009);U.S. Const. amend. IV. In Gant, the Supreme Court limited the scope of vehicle searches
incident to a recent occupant’s arrest to situations where the arrestee is unsecured and within
reaching distance of the passenger compartment of the vehicle at the time of the search, or it is
reasonable to believe the vehicle contains evidence of the offense of arrest. Gant, 129 S.Ct. at 1721,
1723. Bishop argues that the search of his vehicle was unlawful under Gant because at the time of
the search he was in custody in the backseat of a patrol car, and thus could not access his vehicle;
in addition, he was under arrest for driving with a suspended license, an offense for which a vehicle
search would not yield any evidence. See id. The State responds that Bishop failed to raise any
objection to admission of the evidence in the trial court, and therefore has forfeited any complaint
on appeal; alternatively, the State argues in part that even if the vehicle search was unlawful under
Gant, exclusion of the evidence is not required because the officers acted in good faith.
            With respect to waiver, Bishop acknowledges that he made no objection to admission of the
evidence during trial,


 with his counsel affirmatively stating “no legal objection” and that the legality
of the search as incident to arrest was “conceded.” It is well established that in order to preserve a
complaint for appellate review, the defendant must have made a specific, timely objection or motion
in the trial court, and must have obtained an adverse ruling from the trial court. Tex. R. App. P.
33.1(a); Tucker v. State, 990 S.W.2d 261, 262 (Tex. Crim. App. 1999). This same rule applies in
preserving constitutional issues for appellate review. Heidelberg v. State, 144 S.W.3d 535, 542-43
(Tex. Crim. App. 2004). Further, an affirmative statement of “no objection” waives any error in the
admission of evidence. De Hoyos v. State, 81 S.W.3d 853, 854 (Tex. App.—San Antonio 2002, no
pet.). 
            Bishop argues that his failure to preserve error is excused in this instance because the
complaint he now raises on appeal is based on Gant, which was issued by the Supreme Court after
his trial had concluded. Bishop cites no authority in support of this assertion, merely stating that he
was bound by “the decades of well-settled precedent following Belton” and “could not reasonably
be required to lodge an objection predicated upon a case that had yet to be decided.” We disagree. 
To preserve the issue for appellate review, Bishop was required to raise an objection to admission
of the evidence at trial. Tex. R. App. P. 33.1(a). 
            Further, Bishop did have a legitimate objection to raise at trial because, as the Supreme Court
pointed out in Gant, the rationale for a search incident to arrest has always been based on the dual
purposes of officer safety and preservation of evidence, and “[i]f there is no possibility that an
arrestee could reach into the area that law enforcement officers seek to search, both justifications for
the search-incident-to arrest exception are absent. . . .” Gant, 129 S.Ct. at 1716-17 (noting the
limitations set forth in Chimel v. California, 395 U.S. 752, 763 (1969), continue to define the
boundaries of the search incident to arrest exception, and that Belton was based in large part on the
assumption that items inside the passenger compartment of a vehicle are generally within the area
into which an arrestee might reach). The Supreme Court in Gant did not overrule Belton; rather, it
rejected a broad reading of Belton which would permit vehicle searches incident to every arrest, even
when there is no possibility the arrestee could access the vehicle. Id. at 1718-19 (noting that such
a broad reading of Belton would “untether the rule from the justifications underlying the Chimel
exception—a result clearly incompatible with our statement in Belton that it ‘in no way alters the
fundamental principles established in the Chimel case regarding the basic scope of searches incident
to lawful custodial arrests”). We conclude that Bishop failed to preserve his complaint. We overrule
Bishop’s second issue.
            Based on the foregoing analysis, we overrule Bishop’s issues on appeal. However, in order
to correct a discrepancy between the trial court’s oral pronouncement and the written judgment, we
set aside the trial court’s judgment as to Count II because it reflects a lesser included offense, and
affirm the trial court’s judgment as to Count I.
 
Phylis J. Speedlin, Justice
 
PUBLISH