PD-1234-15

PD-1234-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 9/18/2015 3:54:10 PM
Accepted 9/22/2015 12:26:12 PM
ABEL ACOSTA
CLERK

No. PD-    -15

(Court of Appeals No. 05-14-00483-CR)

IN THE

COURT OF CRIMINAL APPEALS

OF TEXAS

JUSTIN COOK,

Petitioner,

v.

THE STATE OF TEXAS

# PETITIONER'S PETITION FOR DISCRETIONARY REVIEW

On discretionary review from the Court of Appeals
Fifth District of Texas at Dallas

MELVYN CARSON BRUDER

516 Turley Law Center
6440 N. Central Expressway
Dallas, Texas 75206
214.987.3500
214.987.3518  Telecopier

Counsel for Petitioner

FILED IN
COURT OF CRIMINAL APPEALS

September 22, 2015

ABEL ACOSTA, CLERK

**IDENTITY OF JUDGE, PARTIES, AND COUNSEL**

The trial court judge in this case was Peggy Hoffman.

The parties to the judgment in this case are Steven Lynn Jones and the State of Texas.

The names and addresses of all trial and appellate counsel are:

Blake Penfield
Assistant Criminal District Attorney
Frank Crowley Courts Building
133 N. Riverfront Boulevard
Dallas, TX 75207

Trial Counsel for the State of Texas

Melvyn Carson Bruder
516 Turley Law Center
6440 N. Central Expressway
Dallas, TX 75206

Trial Counsel for Mr. Cook

Larissa Roeder
Assistant Criminal District Attorney
Frank Crowley Courts Building
133 N. Riverfront Boulevard
Dallas, TX 75207

Appellate Counsel for the State of Texas

Melvyn Carson Bruder
516 Turley Law Center
6440 N. Central Expressway
Dallas, TX 75206

Appellate Counsel for Mr. Cook

# TABLE OF CONTENTS

Identity of Judge, Parties, and Counsel ................................................................. I

Table of Contents ................................................................................................... ii

Index of Authorities ............................................................................................... iv

Statement Regarding Oral Argument ...................................................................... 2

Statement of the Case ............................................................................................. 2

Statement of the Procedural History of the Case .................................................... 2

Grounds for Review ................................................................................................ 3

    1.    The court of appeals erred by failing to examine the impact of Implied Consent Law warnings on the accused and by concluding that an accused's "implied consent" is sufficient to satisfy the Fourth Amendment's requirement of consent.

    2.    The court of appeals improperly shifted the burden of proving the voluntariness of consent to a warrantless seizure protected by the Fourth Amendment from the State to the accused.

Relevant Facts ........................................................................................................ 3

The Court of Appeals' Decision ............................................................................. 4

Argument

    Ground for Review No. 1 ................................................................................. 5

    Ground for Review No. 2 ................................................................................. 9

Prayer for Relief ..................................................................................................... 12

Certificate of Service .............................................................................................. 12

Certificate of Compliance ....................................................................................... 13

Appendix A - Opinion of the Court of Appeals in *Cook v. State* ........................ 14

Appendix B  - Order Denying Motion for Rehearing in *Cook v. State*   ............  21

# INDEX OF AUTHORITIES

***Cases***:

*Allridge v. State*
850 S.W.2d 471 (Tex. Crim. App. 1991) ....................................... 6

*Bumper v. North Carolina*
391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968) .................... 6

*Camara v. Municipal Court of the City and County of San Francisco*
387 U.S. 523, 87 S.Ct. 1727, 18 L.Ed.2d 930 (1967) .................... 8

*Cook v. State*
No. 04-14-00483-CR (Tex.App. – Dallas, June 9, 2015) ..... *passim*

*Coolidge v. New Hampshire*
403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971) ................... 10

*District of Columbia v. Little*
339 U.S. 1, 70 S.Ct. 468, 94 L.Ed. 599 (1950) .............................. 8

*Doyle v. Ohio*
426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976) .................. 8, 9

*Fienen v. State*
390 S.W.3d 328 (Tex. Crim. App. 2012) .............................. 5, 6, 10

*Florida v. Jimenez*
500 U.S. 248, 111 S.Ct. 1801, 114 L.Ed.2d 297 (1991) ................ 6

*Florida v. Royer*
460 U.S. 491, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983) .................. 6

*Garrity v. New Jersey*
385 U.S. 493, 87 S.Ct. 616, 17 L.Ed.2d 562 (1967) ................... 7, 8

*Miranda v. Arizona*
384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed. 2d 694 (1966) ................... 9

*Missouri v. McNeely*
___ U.S. ____, 133 S.Ct. 1552, ___ L.Ed.2d (2013) ..................... 5

*Powell v. State*
   660 S.W.2d 842 (Tex.App. – El Paso 1983)  ...................................  9

*Reeves v. State*
   969 S.w.2d 223 (Tex.App. – Waco 1998)  ...................................  8, 9

*Schneckloth v. Bustamonte*
   412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973)  ..............  5, 10

*See v. Seattle*
   387 U.S. 541, 87 S.Ct. 1737, 18 L.Ed.2d 943 (11967)  ..................  8

*Skinner v. Ry. Labor Executives' Assn*
   489 U.S. 602, 109 S.Ct. 1402, 103 L.Ed.2d 639 (1989)  .................  5

*United States v. Runyon*
   290 F.3d 223 (5th Cir. 2002)  .........................................  8

*Weaver v. State*
   349 S.W.3d 521 (Tex. Crim. App. 2011)  ...................................  6, 10

**Constitutions**:

U.S.CONST.amend IV  ........................................................................  *passim*

**Statutes**:

TEX.TRANSP.CODE ch. 724  ........................................................................  3
TEX.TRANSP.CODE § 724.015(1) and (2)  .................................................  7

**Rules**:

TEX.R.APP.P. 66.3(b) and (c)  ...................................................................  2

No. PD-    -15

(Court of Appeals No. 05-14-00483-CR)

IN THE

COURT OF CRIMINAL APPEALS

OF TEXAS

JUSTIN COOK,

Petitioner,

v.

THE STATE OF TEXAS

# PETITIONER'S PETITION FOR DISCRETIONARY REVIEW

On discretionary review from the Court of Appeals
Fifth District of Texas at Dallas

TO THE COURT OF CRIMINAL APPEALS OF TEXAS:

JUSTIN COOK, Petitioner, petitions this Court to grant discretionary review to review the judgment of the Court of Appeals for the Fifth District of Texas affirming his conviction for driving while intoxicated because the court of appeals

has decided important questions of law in a way that conflicts with applicable decisions of this Court and of the Supreme Court of the United States, and has decided an important question of state or federal law that has not been, but should be. Settled by this Court. *See* TEX.R.APP.P. 66.3(b) and (c).

In particular, the court of appeals concluded that the reading of the Implied Consent Law warnings to a DWI suspect is sufficient to establish actual consent to a warrantless seizure under the Fourth Amendment. Additionally, the court of appeals shifted the burden of proving voluntariness of consent to a warrantless seizure protected by the Fourth Amendment from the State to the accused.

## STATEMENT REGARDING ORAL ARGUMENT

Mr. Cook believes that oral argument will be helpful to the Court in resolving the grounds for review because of the nature of the issues presented in the ground for review.

## STATEMENT OF THE CASE

This is an appeal from a conviction for driving while intoxicated. Clerk's Record (CR) 12. The grounds for review in this case involve matters raised by a pretrial motion to suppress evidence in which Mr. Cook challenged the admissibility of a breath specimen he provided to law enforcement following his arrest.

## STATEMENT OF THE PROCEDURAL HISTORY OF THE CASE

The court of appeals affirmed Mr. Cook's conviction on 9 June 2015. *Cook v. State*, No. 05-14-00483-CR, Tex.App. – Dallas, June 9, 2015, unpublished.[1]  A

---

[1]    A copy of that opinion is appended hereto as Appendix A.

-2-

timely-filed motion for rehearing[2] was denied on 18 August 2015.[3]

## GROUNDS FOR REVIEW

1. The court of appeals erred by failing to examine the impact of Implied Consent Law warnings on the accused and by concluding that an accused's "implied consent" is sufficient to satisfy the Fourth Amendment's requirement of consent.

2. The court of appeals improperly shifted the burden of proving the voluntariness of consent to a warrantless seizure protected by the Fourth Amendment from the State to the accused.

## RELEVANT FACTS

Mr. Cook was arrested for driving while intoxicated following a traffic stop. He was transported to the Richardson jail where the arresting officer read the warnings contained in the Implied Consent Law.[4] Reporter's Record (RR) 10. In particular, Mr. Cook was advised that a specimen of his breath or blood would be requested for alcohol-content testing purposes, and that if he refused to provide the requested specimen (1) his refusal could be used against him at his trial, and (2) his driver's license or driving privileges would be suspended.[5] Following the reading of those warnings Mr. Cook agreed to provide specimens of his breath. RR 12.

Mr. Cook challenged the voluntariness of his decision to provide the breath

---

[2]   The Petitioner filed his motion for rehearing on 20 July 2015 pursuant to an extension granted by the court of appeals.

[3]   A copy of the order denying the motion for rehearing is appended to this petition as Appendix B.

[4]   TEX.TRANSP.CODE ch. 724.

[5]   *See* State's Exhibit No. 1, RR 26, which is a recording of the events that occurred prior to and after Mr. Cook's arrest, including the reading to Mr. Cook of the implied consent law warnings.

specimens.[6]  The trial court denied the motion.  Mr. Cook later pleaded guilty, reserving his right to appeal from the denial of the motion.  CR 11.

On appeal Mr. Cook argued that an agreement to provide the breath specimens in response to the Implied Consent Law was a Fourth Amendment seizure, that the record did not establish Mr. Cook voluntarily consented to provide the specimens of his breath, had that the State had failed to sustain its burden of proving voluntariness of Mr. Cook's consent.[7]

## THE COURT OF APPEALS' DECISION

The court of appeals held that the arresting officer did not threaten, intimidate, coerce, or use any type of force to secure Mr. Cook's consent to provide the breath specimens.[8]  *Cook v. State*, *supra*, slip op. 5.  The court also held that there is no evidence that the reading of the Implied Consent Law warnings had any impact on Mr. Cook's "decision to consent to providing the breath specimen." *Id*. at 6.  Based on the foregoing, the court concluded that the totality of the circumstances amply demonstrated that Mr. Cook voluntarily consented to provide the breath specimen. *Id*. at 7.

---

[6]  *See* RR 12, where Mr. Cook objected to the officer's characterization of Mr. Cook's decision to provide the breath specimens as "voluntary"; RR 21-23, where Mr. Cook argued that a decision to provide a breath specimen is a matter of consent which requires evidence of voluntariness.

[7]  Appellant's Brief 9-15; Appellant's Supplemental and Reply Brief 3-9.

[8]  The court of appeals stated Mr. Cook did not argue that the arresting officer "threatened, intimidated, coerced, or used any type of force to secure Mr. Cook's consent to provide the breath specimen." *Cook v. State*, *supra*, slip op. 5.  Mr. Cook's briefs unquestionably raised issues that Mr. Cook's decision to provide specimens of his breath was the product of coercion based on the threat to suspend Mr. Cook's driver's license and the threat to use his refusal against him as evidence.  To the extent, and only to the extent, the court of appeals was referring to physical coercion the foregoing observation by the court of appeals is correct.

Mr. Cook filed a Motion for Rehearing in which he asserted the court failed to address the merits of his argument that the State did not meet its burden under the Fourth Amendment to show Mr. Cook voluntarily consented to provide the breath specimens, and Mr. Cook argued the court erroneously concluded that "implied consent," *i.e.*, an agreement to provide specimens under the Implied Consent Law, does not satisfy the State's burden of establishing Fourth Amendment "actual consent." Appellant's Motion for Rehearing 3-5, *Cook v. State*, *supra*. The motion was overruled without opinion or comment.

## ARGUMENT

### GROUND FOR REVIEW NO. 1

> The court of appeals erred by failing to examine the impact of Implied Consent Law warnings on the accused and by concluding that an accused's "implied consent" is sufficient to satisfy the Fourth Amendment's requirement of consent.

The taking of a specimen of blood or breath from a DWI suspect for the purpose of alcohol-content testing is protected by the Fourth Amendment. *Missouri v. McNeely*, ___ U.S. ___, 133 S.Ct. 1552, ___ L.Ed.2d (2013); *Skinner v. Ry. Labor Executives' Assn.*, 489 U.S. 602, 616-17, 109 S.Ct. 1402, 103 L.Ed.2d 639 (1989). Thus, when a person arrested for DWI is asked by a law enforcement official to provide a specimen of breath or blood for alcohol-content testing purposes, that person is being asked to consent to a seizure protected by the Fourth Amendment.

When the State relies on the consent exception to the Fourth Amendment's warrant requirement, the State must establish by clear and convincing evidence that the consent was voluntary. *Schneckloth v. Bustamonte*, 412 U.S. 218, 222, 93 S.Ct.

2041, 36 L.Ed.2d 854 (1973); *Fienen v. State*, 390 S.W.3d 328, 333 (Tex. Crim. App. 2012); *Weaver v. State*, 349 S.W.3d 521, 526 Tex. Crim. App. 2011). Consent is not voluntarily unless it is shown to have been freely given, and not the result of duress or coercion, express or implied, physical or psychological. *Schneckloth v. Bistamonte*, *supra*, 412 U.S. at 222-23. Consent must be positive and unequivocal. *Allridge v. State*, 850 S.W.2d 471, 493 (Tex. Crim. App. 1991). Mere acquiescence or submission to a police officer's claim of right under color of law or fraudulent representation cannot provide consent to a warrantless search or seizure. *Bumper v. North Carolina*, 391 U.S. 543, 549, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968).

Voluntariness of consent is to be determined from the totality of circumstances from the point of view of an objectively reasonable person. *Florida v. Jimenez*, 500 U.S. 248, 251, 111 S.Ct. 1801, 114 L.Ed.2d 297 (1991); *Florida v. Royer*, 460 U.S. 491, 497, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983); *Fienen v. State*, *supra*, 390 S.W.3d at 333.

The court of appeals concluded that the reading of the Implied Consent Law warnings to Mr. Cook satisfied the State's burden of proving the voluntariness of Mr. Cook's consent to providing the specimens of his breath. *Cook v. State*, *supra*, slip op. 7. The court did not consider the effect of the Implied Consent Law warnings on Mr. Cook from his perspective. Thus, the court essentially held that Mr. Cook's "implied consent," that is his agreement to provide breath specimens after being read the Implied Consent Law warnings, satisfied the State's burden of proving consent under the Fourth Amendment. This conclusion is wrong for several reasons.

-6-

The court of appeals failed to consider the effect of the consequences contained in the Implied Consent Law warnings. Consistent with the requirement of the Implied Consent Law, Mr. Cook was advised that if he refused to provide the requested specimens (1) his refusal may be admissible in a subsequent prosecution, and (2) that his refusal would result in automatic suspension of a person's license to operate a motor vehicle. TEX.TRANSP.CODE § 724.015(1) and (2). Because voluntariness of consent must be assessed from the point of view of an objectively reasonable person, it is essential that a court consider the effect of the admonition of those consequences in order to determine the voluntariness of consent. The court of appeals failed to perform that analysis, relying instead on the conclusion that "implied consent" under the Implied Consent Law equates to actual, voluntary consent as required by the Fourth Amendment.

Admonishing an accused that he will lose his driver's license if he refuses to provide a specimen of breath unquestionably impacts a decision that person makes with respect to providing a specimen. As stated in *Garrity v. New Jersey*, 385 U.S. 493, 497, 87 S.Ct. 616, 17 L.Ed.2d 562 (1967), "[w]here the choice is 'between the rock and the whirlpool,' duress is inherent in making the choice." A choice of whether to provide breath specimens or lose a driver's license is "the antithesis of [the] free choice" contemplated by the Fourth Amendment's requirement of voluntariness. *Id*. The question is not whether a choice was given and made; rather, the issue is whether the choice was made under duress. Because driver's licenses are often essential in the pursuit of a person's livelihood, the suspension of those licenses

involves state action that adjudicates important interests of licensees. The threat to suspend Mr. Cook's driver's license if he did not provide the requested specimens was identical to the decision facing Mr. Garrity; surrender a constitutional right in order to secure a state-conferred privilege. For the reasons stated in *Garrity*, the constitutional dilemma confronting Mr. Cook requires an examination of the effect of the threat to take Mr. Cook's driver's license under the principles announced in *Garrity*.

Similarly, admonishing an accused that his refusal to consent to a warrantless seizure of his breath if he refuses to provide a specimen of breath unquestionably impacts any decision that person makes with respect to providing a specimen. Citizens have the right to refuse to consent to requests by law enforcement officials for warrantless seizures. *See v. Seattle*, 387 U.S. 541, 545-46, 87 S.Ct. 1737, 18 L.Ed.2d 943, (1967); *Camara v. Municipal Court of the City and County of San Francisco*, 387 U.S. 523, 539, 87 S.Ct. 1727, 18 L.Ed.2d 930 (1967); *see District of Columbia v. Little*, 339 U.S. 1, 6-8, 70 S.Ct. 468, 94 L.Ed.2d 599 (1950). A person's choice not to consent to a warrantless seizure cannot be used as substantive evidence against that person without improperly penalizing the person for his exercise of his Fourth Amendment rights. *United States v. Runyon*, 290 F.3d 223, 249 (5th Cir. 2002). As stated in *Reeves v. State*, 969 S.W.2d 471, 495-97 (Tex.App. – Waco 1998, pet.ref'd), "[t]he invocation of constitutional rights such as assistance of counsel, silence, or freedom from unreasonable searches may not be relied upon as evidence of guilt. To permit the use of such evidence for purposes of incrimination would

erode the protections guaranteed by both state and federal constitutions."[9] *See also Powell v. State*, 660 S.W.2d 842, 845 (Tex.App. – El Paso 1983, no pet.). Moreover, the probative value of such evidence is minimal inasmuch a person's exercise of a constitutional right may be nothing more than the person's exercise of the right and thus not have any probative value. *Doyle v. Ohio*, 426 U.S. 610, 617, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976); *Reeves v. State*, *supra*, 969 S.W.2d at 495.

"Implied consent" does not equate to Fourth Amendment consent. Implied consent refers to the consent a person gives to provide a specimen of breath or blood at the time a law enforcement officer invokes the Implied Consent Law. Consent under the Fourth Amendment, on the other hand, refers to consent shown by the totality of the circumstances to have been given voluntarily from the perspective of a reasonably objective person. Fourth Amendment consent requires proof of more than the mere fact that the accused provided "implied consent."

The court of appeals failed to address whether Mr. Cook gave actual, Fourth Amendment consent to the procuring and testing of his breath, ignored Mr. Cook's argument relating to the coercive effect of the Implied Consent Law warnings, and relied instead on the notion that "implied consent" suffices to establish actual Fourth Amendment consent.

---

[9] The exercise of other constitutionally protected rights, such as the right to counsel and the right to silence, may not be used as substantive evidence of guilt. *See Doyle v. Ohio*, 426 U.S. 610, 617, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976); *Miranda v. Arizona*, 384 U.S. 436, 467, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

The court of appeals improperly shifted the burden of proving the voluntariness of consent to a warrantless seizure protected by the Fourth Amendment from the State to the accused.

The burden is on the State to prove the existence of an exception to Fourth Amendment requirement of a warrant. *Coolidge v. New Hampshire*, 403 U.S. 443, 455, 91 S.Ct. 2022, 29 L.Ed.2d 564 1971). In the context of consent to a warrantless seizure, the State bears the burden off proving the consent was voluntary. *Schneckloth v. Bustamonte*, *supra*, 412 U.S. at 222 ('[w]hen a prosecutor seeks to rely upon consent to justify the lawfulness of a search, he has the burden of proving that the consent was, in fact, freely and voluntarily given"); *see also Fienen v. State*, *supra*, 390 S.W.3d at 333; *Weaver v. State*, *supra*, 349 S.W.3d at 526.

The record in this case shows that the arresting officer read Mr. Cook the Implied Consent Law warnings and that Mr. Cook thereafter agreed to provide the requested breath specimens. No other evidence was adduced relating to the voluntariness of Mr. Cook's decision to provide the requested specimens.

While it is true that "the record in this case does not show . . . that [the arresting officer] threatened, intimidated, coerced, or used any type of force to secure [Mr. Cook's] consent to provide the breath specimens," *Cook v. State*, *supra*, slip op. at 5, Mr. Cook was not obliged to produce evidence of involuntariness of consent. He is entitled to rely on the contents of the Implied Consent Law warnings - that his refusal to provide a specimen would be used against him in court and that his driver's license would be suspended - as the threat, intimidation and coercion upon which he based

his decision to provide the specimens.

The State's burden of proving that Mr. Cook voluntarily consented to provide the breath specimens cannot be satisfied by proof of the mere fact that Mr. Cook agreed to provide the specimens pursuant to the Implied Consent Law. Proof of Fourth Amendment voluntary consent requires an analysis of the circumstances surrounding the reading of the Implied Consent Law warnings, *i.e.*, was the implied consent a product of mere acquiescence or submission to a police officer's claim of right under color of law, and did the threats contained in the Implied Consent Law warnings that if he refused to provide the specimens he would lose his driver's license and the refusal would be used against him as substantive evidence at his trial for driving while intoxicated affect Mr. Cook's decision to provide the specimens. The reliance by the court of appeals on the lack of evidence to "show . . . that [the arresting officer] threatened, intimidated, coerced, or used any type of force to secure [Mr. Cook's] consent to provide the breath specimens" clearly imposed a burden on Mr. Cook - burden he was not required to bear. And, the conclusion by the court of appeals that the mere proof Mr. Cook gave "implied consent" to provide the specimens relieved the State of its constitutional burden to prove the voluntariness of consent under the Fourth Amendment.

For the forgoing reasons the court of appeals improperly relieved the State of its burden of establishing voluntariness of Mr. Cook's consent to provide the specimens, and it improperly shifted that burden to Mr. Cook.

-11-

## PRAYER FOR RELIEF

Mr. Cook prays that this Court grant discretionary review to review the decision of the court of appeals in this case with respect to that court's conclusion that the reading of the Implied Consent Law warnings suffice to establish Fourth Amendment consent to a warrantless seizure, and conviction, and that court's shifting to Mr. Cook of the burden of proof relating to the voluntariness of consent.

Respectfully submitted,

/s/ Melvyn Carson Bruder

MELVYN CARSON BRUDER

TSBN 03241000
6440 North Central Expressway
516 Turley Law Center
Dallas, Texas 75206
214.987.3500
214.987.3518 FAX
melvyn@melvynbruderlaw.com

Counsel for the Petitioner

## CERTIFICATE OF SERVICE

I certify that on 18 September 2015 a true and correct copy of the foregoing Petitioner's Petition for Discretionary Review was served upon counsel for the State of Texas in this case and upon the State Prosecuting Attorney via electronic filing and via first class United States mail, postage prepaid, in Dallas, Texas.

/s/ Melvyn Carson Bruder

MELVYN CARSON BRUDER

-12-

## CERTIFICATE OF COMPLIANCE

I certify that this petition contains 3855 words based on the word count of the Word Perfect X5 program used to prepare the petition.

/s/   Melvyn Carson Bruder

MELVYN CARSON BRUDER

**APPENDIX A**

**OPINION OF THE COURT OF APPEALS IN *COOK V. STATE***



In The
## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-14-00483-CR

### JUSTIN COOK, Appellant
### V.
### THE STATE OF TEXAS, Appellee

On Appeal from the County Criminal Court No. 9
Dallas County, Texas
Trial Court Cause No. MA12-46238-K

## MEMORANDUM OPINION

Before Justices Myers, Evans, and Brown
Opinion by Justice Myers

Appellant Justin Cook was charged by information with driving while intoxicated. He filed a pretrial motion to suppress evidence; the trial court held a hearing and denied the motion. In accordance with the negotiated plea agreement, the trial court subsequently sentenced appellant to 150 days in jail, suspended imposition of the sentence, placed appellant on fifteen months' community supervision, and assessed a $1000 fine. In one issue, appellant contends the trial court erred by denying the pretrial motion to suppress. We affirm.

### BACKGROUND AND PROCEDURAL HISTORY

On October 7, 2012, Officer Richard Conklin of the Richardson Police Department arrested appellant for DWI following a traffic stop. Officer Conklin testified that once appellant was arrested and transported to the Richardson Jail, he was read "the statutory warning." Although Officer Conklin typically used the 2011 version of the form DIC–24 that contained the

-15-

statutory warnings due a suspect, he testified that the statutory warnings he orally read and provided to appellant on this occasion were from the 2005 version of the DIC–24 form. When asked about the difference between the 2005 and 2011 forms, the officer stated that the 2005 version of the form did not include the warning that "[i]f you refuse to give a specimen, the officer may request a warrant authorizing a specimen to be taken from you," which was added in a 2011 amendment to the statue. *See* TEX. TRANSP. CODE ANN. § 724.015(3). The State then asked:

> Q. Okay. When you handed a copy of this warning to the defendant and read it to him, did the defendant indicate that he understood these warnings?
>
> A. He did.
>
> Q. After the defendant indicated he understood these warnings, did he choose to provide a breath specimen?
>
> A. He did.
>
> Q. And so he consented to a breath test?
>
> A. Yes, sir, he did.
>
> Q. This was completely voluntary?
>
> A. Yes, sir.

The officer testified that another officer administered the Intoxilyzer test and obtained the test results. Officer Conklin was not aware of anything that would have caused the test results to be invalid.

Officer Conklin again testified on cross-examination that he was aware of the 2011 change to the statutory warnings, and that the 2011 version of the form included the language found in section 724.015(3). *See id.* He testified that he did not read appellant the language in section 724.015(3) because that provision was not included in the version of the form he had in his possession at the time of appellant's arrest. Defense counsel then asked, "Did you at any time, other than what we have heard you testify to, warn Mr. Cook that if he refused to submit to

–2–

the taking of a specimen, you might apply or you may apply for a warrant authorizing a specimen to be taken from him?" Conklin replied, "Not that I recall, sir, no." He testified that, as far as he knew, he had always read and provided the 2011 version of the statutory warnings to DWI suspects. He explained, "In the jail where we have the forms, there, obviously, was a 2005 version somewhere laying in that stack of papers that I must have grabbed, and just out of the habit of reading the statutory warning so many times . . . I didn't realize that it was the 2005 version."

## DISCUSSION

In his issue, appellant argues the trial court erred by overruling his motion to suppress evidence. Specifically, he contends that, because he was not advised of all the requirements of section 724.015 of the Transportation Code before agreeing to provide a breath specimen, "there was a failure to comply with the Implied Consent Law which precludes a finding that [appellant] consented to providing the specimen."

Section 724.015 of the Transportation Code requires an officer to provide certain information orally and in writing before requesting a specimen of a person's breath or blood for analysis to determine alcohol concentration. *See* TEX. TRANSP. CODE ANN. § 724.015. The DIC–24 form, entitled "statutory warning," is the Texas Department of Public Safety's standard form containing the written warnings required by section 724.015. *See Martin v. Department of Public Safety*, 964 S.W.2d 772, 773 (Tex. App.—Austin 1998, no pet.). It lists the warnings due a suspect under section 724.015. *Lakore v. State*, No. 07–12–00485–CR, 2014 WL 6478569, at *2 (Tex. App.—Amarillo Nov. 19, 2014, no pet.) (mem. op., not designated for publication). The following warnings are found in the 2005 version of the DIC–24 form, which Officer Conklin testified that he read and provided to appellant before requesting the breath specimen:

> If you refuse to give the specimen, that refusal may be admissible in a subsequent prosecution. Your license, permit or privilege to operate a motor vehicle will be

–3–

-17-

suspended or denied for not less than 180 days, whether or not you are subsequently prosecuted for this offense.

If you are 21 years or age or older and submit to the taking of a specimen and an analysis of the specimen shows that you have an alcohol concentration of 0.08 or more, your license, permit or privilege to operate a motor vehicle will be suspended or denied for not less than 90 days, whether or not you are subsequently prosecuted for this offense.

If you are younger than 21 years of age and have any detectable amount of alcohol in your system, your license, permit or privilege to operate a motor vehicle will be suspended or denied for not less than 60 days. However, if you submit to the taking of a specimen and an analysis of the specimen shows that you have an alcohol concentration of less than 0.08, you may be subject to criminal penalties less severe than those provided for under Chapter 49, Penal Code.

If you refuse to give the specimen, or if the specimen shows that you have an alcohol concentration of 0.08 or more, you may be disqualified from driving a commercial motor vehicle for a period of not less than one year.

You may request a hearing on the suspension or denial. This request must be received by the Texas Department of Public Safety at its headquarters in Austin, Texas, no later than 15 days after you receive or are presumed to have received notice of suspension or denial. The request can be made by written demand, fax, or other form prescribed by the Department.

*See* TEX. TRANSP. CODE ANN. §§ 724.015, 724.035, 724.061.

Appellant argues that his consent to provide a breath specimen was involuntary because the 2005 version of the DIC–24 form did not include the warning that "if the person refuses to submit to the taking of a specimen, the officer may apply for a warrant authorizing a specimen to be taken from the person." *See* TEX. TRANSP. CODE ANN. § 724.015(3). This warning was added by amendment to section 724.015 and became effective on September 1, 2011. *See* Act of May 23, 2011, 82nd Leg., R.S., ch. 674 § 1, 2011 Tex. Sess. Law Serv. 1627 (West).

A warrantless search authorized by consent is wholly valid. *Schneckloth v. Bustamonte*, 412 U.S. 218, 222 (1973). "A driver's consent to a blood or breath test must be free and voluntary, and it must not be the result of physical or psychological pressures brought to bear by law enforcement." *Fienen v. State*, 390 S.W.3d 328, 333 (Tex. Crim. App. 2012). In making this determination, the trial court must consider the totality of the circumstances. *Id.* "[N]o one

–4–

statement or action should automatically amount to coercion such that consent is involuntary—it must be considered in the totality." *Id.* The ultimate question is whether the person's "will has been overborne and his capacity for self-determination critically impaired" such that his consent to search must have been involuntary. *Schneckloth*, 412 U.S. at 225–26.

The validity of an alleged consent is a question of fact, and the State must prove voluntary consent by clear and convincing evidence. *Fienen*, 390 S.W.3d at 333. We will uphold a trial court's finding on the voluntariness of a breath test unless the ruling is clearly erroneous. *Id.* at 335. We review de novo questions of law and "mixed questions of law and fact" that do not depend upon credibility and demeanor. *See id.* When, as in this case, the trial court does not make explicit findings of fact, we must view the evidence in a light most favorable to the trial court's ruling and assume the trial court resolved any issues of historical fact or credibility consistently with its ultimate ruling. *Hubert v. State*, 312 S.W.3d 554, 560 (Tex. Crim. App. 2010).

The record in this case does not show, nor does appellant argue, that Officer Conklin threatened, intimidated, coerced, or used any type of force to secure appellant's consent to provide the breath specimen. Nor is there any question regarding the accuracy of the statutory warnings that were provided to appellant. It is true that the 2005 version of the form that Officer Conklin used did not include the section 724.015(3) warning that "if the person refuses to submit to the taking of a specimen, the officer may apply for a warrant authorizing a specimen to be taken from the person." TEX. TRANSP. CODE ANN. § 724.015(3). But if we were to conclude that appellant's consent was involuntary simply because Officer Conklin read from an older version of the DIC–24, and thereby failed to inform appellant that his refusal may result in the officer applying for a warrant that authorized the taking of a specimen of appellant's breath, we would be disregarding the proviso in *Fienen* that "no one statement or action should automatically

–5–

amount to coercion such that consent is involuntary." *Fienen*, 390 S.W.3d at 333. The voluntariness of consent must be analyzed based on *the totality of the circumstances. Id.* at 335. "No statement—whether it refers to the consequences of refusing a breath test, the consequences of passing or failing a breath test, or otherwise—should be analyzed in isolation because its impact can only be understood when the surrounding circumstances are accounted for." *Id.* In addition, as noted by the State, the incomplete warnings actually understated the consequences of a refusal, and there is no evidence that appellant's consent was somehow induced or coerced by Officer Conklin understating the consequence of refusal. *See Bice v. State*, No. 13–12–00154–CR, 2013 WL 123709, at *4 (Tex. App.—Corpus Christi Jan. 10, 2013, pet. ref'd) (mem. op., not designated for publication) ("Although appellant consented after he was incorrectly advised, there is no indication that the consent was induced or coerced by the officer understating the consequences of a refusal."); *see also State v. Dorr*, No. 08–13–00305–CR, 2015 WL 631033, at *2 (Tex. App.—El Paso Feb. 13, 2015, no pet.) ("[W]arning a suspected intoxicated driver that the officer may apply for a warrant to obtain a specimen if the driver refuses to consent actually makes it *more likely* that the driver will voluntarily provide the specimen.") (emphasis in original). Likewise, there is no evidence that the use of the 2005 DIC–24 had any impact on appellant's decision to consent to providing the breath specimen. Therefore, considering the totality of the circumstances, Officer Conklin's failure to fully inform appellant of the consequences of a refusal did not render appellant's consent invalid. *See Worku v. State*, No. 14–13–00047–CR, 2014 WL 1330278, at *8 (Tex. App.—Houston [14th Dist.] April 3, 2014, no pet.) (mem. op., not designated for publication) ("Although appellant consented after hearing the inaccurate warnings, that fact alone, without evidence that appellant was pressured physically or psychologically, is insufficient to invalidate an otherwise voluntary consent.") (citing *Fienen*, 390 S.W.3d at 333).

–6–

Nor are we persuaded by appellant's contention that "[i]t cannot be said that the State established that [appellant] freely and voluntarily, positively and unequivocally[,] consented to provide a specimen of his breath based on the mere reading of the Implied Consent Law warnings." The relevant question is whether, based on the totality of the circumstances, the State met its burden of proving that the defendant's consent was voluntary. *See Fienen*, 390 S.W.3d at 334–35. As we have already discussed, when viewed in the light most favorable to the trial court's ruling, the totality of the circumstances here amply demonstrate that appellant voluntarily consented to provide the breath specimen.[1]

Accordingly, we conclude that the record supports the trial court's implied finding that appellant freely and voluntarily consented to provide the specimen of his breath, and that the record shows that the warrantless seizure of appellant's breath specimen was reasonable under the Fourth Amendment. We overrule appellant's issue.[2]

We affirm the trial court's judgment.

/ Lana Myers/
LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
140483F.U05

---

[1] Appellant also cites the decision in *Leal v. State*, 452 S.W.3d 14 (Tex. App.—Houston [14th Dist.] 2014), *vacated and remanded*, 456 S.W.3d 567 (Tex. Crim. App. 2015). In *Leal*, the court of appeals held that the totality of the circumstances showed that the appellant withdrew his consent prior to the warrantless blood draw because he *physically resisted the taking of his blood and had to be restrained when the blood sample was taken*. *Id.* at 27. Moreover, given the appellant's withdrawal of consent, the State's only justification for conducting the warrantless nonconsensual blood draw was the repeat-offender provision of section 724.012(b)(3)(B), which is not at issue in the present case, and the court concluded that the State had not met its burden of establishing the existence of a valid consent justifying the warrantless blood draw. *Id.* at 27–28. The court of criminal appeals ultimately vacated the judgment of the court of appeals and remanded the case to address whether appellant preserved his claim that the warrantless blood draw violated his Fourth Amendment rights. *See Leal*, 456 S.W.3d at 568.

[2] The State argues that appellant's brief also contains a challenge to the constitutionality of the implied consent statute, and it points out that this challenge was not preserved for appellate review because appellant did not challenge the constitutionality of the statute either in his written motion to suppress or during the hearing on the motion to suppress. *See* TEX. R. APP. P. 33.1. During oral argument, appellant's counsel assured us he was not challenging the constitutionality of the implied consent statute. We, therefore, do not address the issue.

–7–

-21-

**APPENDIX B**

**ORDER DENYING MOTION FOR REHEARING IN** *COOK V. STATE*

Order entered August 18, 2015



In The

## Court of Appeals
## Fifth District of Texas at Dallas

No. 05-14-00483-CR

JUSTIN COOK, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Criminal Court No. 9
Dallas County, Texas
Trial Court Cause No. M12-46238-K

## ORDER

Appellant's motion for rehearing is hereby denied.

/s/    LANA MYERS
       JUSTICE

-23-