PD-1362-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 6/13/2016 8:26:41 AM
Accepted 6/13/2016 8:30:32 AM
ABEL ACOSTA
CLERK

Keri L. Miller
First Assistant County Attorney

Eric L. Weborg Jr.
Assistant County Attorney

John Brumme
Investigator

Misty Miller
Victim/Witness Coordinator

**PAUL S. WATKINS**

Gonzales County Attorney
415 St. Louis Street
Gonzales, Texas 78629-4029

Phone (830) 672-6527 : Fax (830) 672-5868
Email:  countyattorney@co.gonzales.tx.us



FILED IN
COURT OF CRIMINAL APPEALS

June 13, 2016

ABEL ACOSTA, CLERK

June 13, 2016

Mr. Abel Acosta
Clerk, Court of Criminal Appeals
Supreme Court Building
201 West 14th Street, Room 106
Austin, Texas 78701

Re:     *The State of Texas v. Jose Ruiz*
PD-1362-15
COA Cause No. 13-13-00507-CR
Trial Court Case No. 34-13-B
Set for submission on Oral Argument June 15, 2016
**Additional Citations**

Dear Mr. Acosta,

Prior to oral argument the State submits the following additional citations for

the Court's consideration in this cause:

**Issue One:**

*Breithaupt v. Abraham,* 352 U.S. 432 (1957)(holding "the driver here was

unconscious when the blood was taken, but the absence of conscious consent,

without more, does not necessarily render the taking a violation of a constitutional

right."  Reasoning in footnote number 2: "it might be a fair assumption that a

driver on the highways, in obedience to a policy of the State, would consent to

have a blood test made as part of a sensible and civilized system protecting himself as well as other citizens… from the hazards of the road due to drunken driving").

*People v. Arredondo,* No. S233582, 2016 Cal. LEXIS 3778 (Cal. June 8, 2016)(granting review on *People v. Arredondo,* 245 Cal. App. 4th 186 (Cal. Ct. App. 2016), reviewing (along with other issues), whether law enforcement violated the Fourth Amendment by taking a warrantless sample from a defendant while he was unconscious or was the search and seizure valid because defendant was "deemed to have given his consent" under California's implied consent law).

*People v. Ascencio,* No. D066806, 2015 Cal. App. Unpub LEXIS 6270 (Cal. Ct. App. August 31, 2015, no pet.)(not designated for publication)(the California Rules of Appellate Procedure prohibit courts and parties from citing or relying on opinions not certified for publication or ordered published, however, this case from the Fourth Appellate District of California holds that because the defendant did not withdraw his statutory implied consent at the scene and subsequently, due to his unresponsiveness, was incapable of withdrawing his consent, his blood was drawn pursuant to his consent. This holding is in direct conflict with the Sixth Appellate District California Appellate Court in *People v. Arredondo*, 245 Cal. App. 4th 186 (Cal. Ct. App. 2016, rev. granted)).

*Martini v. Commonwealth,* No. 0392-15-4, 2016 Va. App. LEXIS 67 (Va. Ct. App. March 8, 2016, no pet.)(not designated for publication)(holding that a

defendant who drives their vehicle on a highway in Virginia has given their consent to a blood draw, and a driver's incoherence or unconsciousness does not constitute a refusal, because consent is continuing. (*citing Goodman v. Commonwealth,* 37 Va. App. 374, 383 (Va. 2002))).

Texas Transportation Code § 724.061 (a person's refusal of a request by an officer to submit to the taking of a specimen of breath or blood, whether the refusal was express or the result of an intentional failure to give a specimen, may be introduced into evidence at the person's trial).

*Hardie v. State,* 807 S.W.2d 319 (Tex. Crim. App. 1991)(holding that "evidence of an accused invoking his or her right to counsel may indeed be construed adversely to a defendant and may improperly be considered as inference of guilt." "Such an adverse use of evidence that a defendant invoked a right or privilege which has been granted him, is constitutionally impermissible").

*Powell v. State,* 660 S.W.2d 842 (Tex. App.—El Paso 1983, no pet.)(holding that it was error to admit evidence that defendant would not voluntarily permit the officers to inspect a package containing narcotics. "The invocation of constitutional rights such as assistance of counsel, silence, or freedom from unreasonable searches may not be relied upon as evidence of guilt. To permit the use of such evidence for purposes of incrimination would erode the protections guaranteed by both state and federal constitutions").

*Winn v. State,* 871 S.W.2d 756 (Tex. App. Corpus Christi 1993, no pet.)(finding that defendant's trial counsel was ineffective for failing to object to the officer's testimony that defendant refused to consent to a search of his residence because the use of such evidence would erode the protections guaranteed by the federal and state constitutions to be free of unreasonable searches and seizures).

*Reeves v. State,* 969 S.W.2d 471 (Tex. App.—Waco 1998, pet. ref'd)(allowing evidence of the defendant's refusal to consent to a warrantless search of his home was error because it would impose a penalty for exercising a constitutional right).

**Issue Two:**

*Cole v. State,* No. PD-0077-15, 2016 Tex. Crim. App. LEXIS 84 (Tex. Crim. App. May 25, 2016) (in addition to the natural dissipation of alcohol, circumstances relevant to an exigency analysis include: (1) the procedures in place for obtaining a warrant; (2) the availability of a magistrate judge; and (3) the practical problems of obtaining a warrant within a timeframe that still preserves the opportunity to obtain reliable evidence).

*Weems v. State,* No. PD-0635-14, 2016 Tex. Crim. App. LEXIS 85 (Tex. Crim. App. May 25, 2016) (in addition to the natural dissipation of alcohol, circumstances relevant to an exigency analysis include: (1) the procedures in place

for obtaining a warrant; (2) the availability of a magistrate judge; and (3) the practical problems of obtaining a warrant within a timeframe that still preserves the opportunity to obtain reliable evidence).

The State requests that the foregoing authorities be brought to the attention of the Court. Thank you for your immediate assistance with this matter.

Respectfully submitted,


**/s/ Keri L. Miller**_____
Keri L. Miller
First Assistant County Attorney
Gonzales County, Texas
kmiller@co.gonzales.tx.us
State Bar No. 24051960

CC: **Mark Symms**
Attorney for Appellant